# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1855
(Filed: July 31, 2019)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| BARBARA DOLAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | Dismissal; Death of Petitioner; |
| v. | * | Lack of Proper Petitioner; |
| | * | Court of Federal Claims Rule 25 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Jeffrey S. Pop,* Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
*Sarah Christina Duncan,* U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION[1]

**Oler**, Special Master:

On November 30, 2017, Barbara Dolan ("Ms. Dolan" or "Petitioner") timely filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] ("Vaccine Act" or "Program"). Petition ("Pet.") at 1. Petitioner alleges that she received an influenza vaccine on October 15, 2015 and thereafter developed Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"). Pet. at 1. The petition is now dismissed due to lack of

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proper plaintiff to maintain the action, as required by Rule 25(a)(1) of the Rules of the Court of Federal Claims ("RCFC").

## I. Procedural History

The petition was filed on November 30, 2017. *See* Pet. On May 1, 2019, a death certificate was filed by Petitioner, and, on May 2, 2019, a status report was filed confirming the death of Ms. Dolan on March 2, 2019, due to causes unrelated to this action. ECF Nos. 24, 25. Petitioner's counsel requested time to consult with Ms. Dolan's husband, the named executor. ECF No. 25 at 1.

On May 21, 2019, I issued an Order granting Petitioner's counsel, on behalf of Petitioner, an opportunity to consult with Ms. Dolan's husband and determine how he wished to proceed. *See* Non-PDF Order of 5/21/2019. Petitioner's counsel's status report was due by July 22, 2019, and all other deadlines were suspended. *Id*.

On June 11, 2019, Petitioner's counsel contacted my chambers and Respondent's counsel by means of electronic mail, stating that Ms. Dolan's husband did not wish to proceed with the prosecution of the claim. He suggested dismissal of the petition under Vaccine Rule 21(a), however, was unsure whether that would be possible without substitution of proper party in place of Petitioner. Since Ms. Dolan's husband did not wish to be substituted, it was determined that a dismissal under RCFC Rule 25(a)(1) was the most appropriate method. Petitioner's counsel would be provided 90 days from the date of service of a statement noting Petitioner's death (*see* ECF No. 25) to file a motion for substitution of the proper party. Petitioner's counsel confirmed that no substitution would be filed and that, once the deadline lapsed, I may dismiss the petition.

Accordingly, I issued an Order on June 24, 2019, directing Petitioner's counsel, on behalf of Petitioner, to file a motion for substitution of the proper party by July 30, 2019. *See* Non-PDF Order of 6/24/2019.

## II. Legal Standard

The Vaccine Rules do not address the consequences of the death of the petitioner. Thus, in the absence of any specific direction, the RCFC apply. *See* Vaccine Rule 1(c). Rule 25 of the RCFC states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by the decent *must* be dismissed.

RCFC Rule 25(a)(1) (emphasis added).

**III.     Discussion**

The Court was notified of Petitioner's death via status report on May 2, 2019, which triggered the time allotted by RCFC Rule 25(a)(1) for a motion for substitution to be filed. *See* ECF No. 25.  A motion for substitution was not filed within 90 days of the filing of Petitioner's counsel's status report advising of Petitioner's death. Thus, pursuant to Rule 25(a)(1), the petition must be dismissed due to the lack of a proper plaintiff to maintain the action.

**IV. Conclusion**

For the foregoing reason, this case is dismissed. In the absence of a timely filed motion for review pursuant to Vaccine Rule 23, the Clerk is directed to enter judgment consistent with this decision.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11 (a), if a motion for review is not filed within 30 days after the filing of the special master's decision, the clerk will enter judgment immediately.